BLD-042                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2652
_____

EDWARD VINCENT RAY, JR.,
Appellant

v.

THOMAS OWENS, Detective, Johnstown Police Department,
Individually and in his Official Capacity; BETH MCCONNELL,
Caseworker, Children and Youth Services, Individually and in
her official Capacity; TINA HIPPLER, Caseworker for Children and
Youth Services, in her individual and official capacity; MICHELE
SHANNON, caseworker "supervisor" for Children and Youth Services,
in her individual and official capacity; CAMBRIA COUNTY
CHILDREN AND YOUTH SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00115)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 5, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: November 12, 2015)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edward Ray Jr. is an Arizona state prisoner who appeals from the District Court's order dismissing his claims against a Johnstown Police Department detective and three employees of the Cambria County Children and Youth Services office ("CYS"). Ray claims that Appellees violated his constitutional rights by ignoring his complaints that his daughter was being molested, and by failing to take her into protective custody. Ray states that between November 2009 and March 2015, he wrote letters to Thomas Owens, a detective with the Johnstown Police Department, complaining that an individual, H.S., was sexually assaulting his minor daughter. He alleges that he also wrote several letters to Appellees Beth McConnell and Tina Hippler, caseworkers at CYS, about the assaults. Owens allegedly ignored his letters, and while CYS acknowledged a formal report of child abuse, it closed the matter after little to no investigation, and sent him a letter informing him that the case was closed. Ray further alleges that H.S. was arrested and charged with 168 counts of sexual abuse of Ray's daughter on March 23, 2015. Appellees, therefore, should have taken his daughter into protective custody after he notified them of the abuse, and their failure to do so caused her to suffer unspeakable injuries, and violated his constitutional rights as her parent.

The District Court dismissed his complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Court explained that a state agency's failure to protect a child from harm against another private citizen is not a constitutional violation unless the state has a special custodial relationship with the child, or unless the child suffers harm as

2

a result of a state-created danger. Since Ray's daughter was residing with her mother at the time Ray complained to Appellees, the Court concluded, no such special relationship existed. Additionally, it concluded that Ray failed to plead facts to establish that Appellees in any way placed his daughter in increased danger. Because this appeal presents no substantial question, we will affirm.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

While we are sympathetic to Ray's claims, provided they are true, this appeal presents no substantial question. The failure of a state agency to protect a child against harm from a private citizen is not a violation of the right to due process under the Fourteenth Amendment. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 195-201 (1989). Such an affirmative obligation may exists in two instances; first, where the state has a special relationship with the child, Morrow v. Balaski, 719 F.3d 160, 167-68 (3d Cir. 2013) (en banc), such as when the state takes the child into its custody and holds him there against his will, DeShaney, 489 U.S. at 199-200; and second, where a state actor has put the victim in increased danger of harm by the private citizen, Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996).

Ray fails to state a claim under the special relationship theory. Ray's daughter was under the care of her mother, and not the state, at the time Ray reported the abuse she

3

suffered. Therefore, the District Court correctly concluded that Appellees had no legal duty to her under this theory.

Ray also fails to state a due process claim under the state-created danger theory. Such a claim has four elements. Ray argues that the harm to his daughter was forseeable and fairly direct, that state actors acted in willful disregard for her safety, and that there existed a special relationship between her and the state. Properly pled, those allegations would satisfy the first three elements. Id. Ray's complaint does not satisfy the fourth element, however. He must allege that "the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." Id. Ray has not alleged that the police and CYS staff used their authority to create the opportunity for H.S. to sexually abuse his daughter, and that without their involvement, H.S. would not have had that opportunity. Ray therefore has not stated a claim under this theory.

Ray also appears to assert an Equal Protection claim by arguing that Appellees failed to investigate his complaints because he is an inmate. Inmate status, however, is not a protected class. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001). Nor has Ray demonstrated that Appellees violated a fundamental right. Cf. Plyler v. Doe, 457 U.S. 202, 214 (1982) (a plaintiff may assert an Equal Protection claim by demonstrating that the state violated a fundamental right). The state has no affirmative obligation to protect a child from being harmed by a private citizen, DeShaney, 489 U.S. at 195-201; therefore, Ray has no fundamental right to the protection he sought for his daughter. Under either analysis, Ray has not stated an Equal Protection claim.

4

Because the appeal does not present a substantial question, we will summarily affirm.